DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0006 |
| ) | |
| BRIAN LIZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the parties' Joint Motion to Extend Deadlines and Continue Trial Date (ECF No. 20), currently scheduled for March 27, 2023. For the reasons stated herein, the parties' Joint Motion to Extend Deadlines and Continue Trial Date will be granted, the motions deadline will be extended to March 31, 2023, and the time to try this case will be extended up to and including June 5, 2023.

This matter commenced on November 21, 2022, when the United States (the "Government") filed a criminal complaint against Defendant Brian Liz ("Liz"), who made his initial appearance on December 22, 2022. On January 20, 2023, the Government filed an information charging Liz with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Illegal Possession of a Machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), Unauthorized Possession of a Firearm by Felon, in violation of 14 V.I.C. § 2253(a), Unauthorized Possession of a Machine Gun by Felon, in violation of 14 V.I.C. §§ 2253(b) and (d)(2), and Unauthorized Possession of Ammunition, in violation of 14 V.I.C. § 2256(a). (ECF No. 16.) Liz was arraigned on the charges on February 8, 2023.

On February 24, 2023, the parties filed a Joint Motion to Extend Deadlines and Continue Trial Date (ECF No. 20.) The parties request that all existing deadlines, including the February 27, 2023 motions deadline and the trial scheduled for March 27, 2023, be extended by thirty days. The Government contends it has submitted evidence in this case to the FBI's laboratory for DNA comparison, but the results of such testing remain pending and

are anticipated to be received within the next three weeks. Depending on the results, Defendant may wish to make a related motion, and granting the request would allow sufficient time for Defendant to review the results before filing any pretrial motions. Given the critical role of DNA in his potential defense, a 30-day continuance would provide sufficient time to prepare for trial.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow both parties sufficient time to prepare for trial.

The premises considered, it is hereby

*USA v. Liz*
Case No. 3:23-cr-0006
Order
Page **3** of **3**

**ORDERED** that the time beginning from the date of this order granting an extension through June 5, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Joint Motion to Extend Deadlines and Continue Trial Date, ECF No. 20, is hereby **GRANTED**; it is further

**ORDERED** that the motions deadline is **EXTENDED** to March 31, 2023; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than May 26, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than May 31, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for March 27, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on June 5, 2023, in St. Thomas Courtroom 1.

**Dated:** February 24, 2023                          */s/ Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.