**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0006 |
| ) | |
| BRIAN LIZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**CHERRISSE R. WOODS, ASSISTANT UNITED STATES ATTORNEY**
UNITED STATES ATTORNEY'S OFFICE
ST THOMAS, U.S. VIRGIN ISLANDS
*FOR PLAINTIFF*

**DALE LIONEL SMITH, ESQ.**
NEW YORK, NEW YORK
*FOR DEFENDANT BRIAN LIZ*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

      **BEFORE THE COURT** is Defendant Brian Liz's ("Liz") Motion for Revocation of Detention Order Pursuant to 18 U.S.C. § 3145(b). (ECF No. 49.) The Government opposed the motion. (ECF No. 50.) On May 31, 2024, the Court conducted an evidentiary hearing in connection with Liz's motion, at which Jose Ramon Lima ("Lima"), Liz's proposed third-party custodian, testified and the Court admitted Defendant's Exhibit A, a police body camera video footage demonstrating the moments preceding Liz's arrest. For the reasons stated on the record at the May 31, 2024 hearing and articulated below, the Court will deny the motion.

## I. BACKGROUND

      On November 12, 2022, the Government filed a Criminal Complaint charging that, on October 19, 2022, Liz violated 18 U.S.C. § 922(g)(1) ("Felon in possession of a firearm"), 14 V.I.C. § 2253(a) ("Unlawful possession of a firearm"), 14 V.I.C. § 2256(a)(3) ("Unlawful possession of ammunition"), and 14 V.I.C. § 2253(b) ("Unlawful possession of a

machinegun"). (ECF No.1) The Complaint was supported by an affidavit of Special Agent with the Federal Bureau of Investigation, Jennnifer K. Doehring ("Doehring"). (Doehring Aff., ECF No. 1-1.) Doehring stated that, on October 19, 2022, the Virgin Islands Police Department officers were conducting surveillance in the area of Gasworks Gas Station and Convenience store located in the Bovoni area in St. Thomas because they received information from a confidential source ("CS") that Liz would be in that era in possession of firearms. (*Id.* ¶¶ 5-7.) Doehring stated that CS has provided law enforcement credible and reliable information in the past that led to the recovery of weapons. (*Id.* ¶ 7.) CS referred to Liz by his name, described him as a Hispanic-looking male with short hair, indicated that Liz would be wearing a white short, gray sweatpants, gray Crock-looking shoes, and multiple gold chains around his neck, and provided details of Liz's vehicle, a black Dodge Ram 1500 truck with red trim, dark tinted windows, bearing the tag number H-2126. (*Id.*) CS indicated that Liz would be in the vicinity of Gasworks for most of the night and would be in possession of a machine gun with a 50-round drum magazine, located on the floor of the driver's side of Liz's vehicle, and a handgun in the vehicle's glove department with several loaded extended magazines. (*Id.* ¶ 8.) When Liz arrived at Gasworks, exited his vehicle, and entered Gasworks, the police officers approached Liz's vehicle, prompting him to exit Gasworks and walk towards his vehicle. (*Id.* ¶ 9.) One of the officers on the scene had encountered Liz in March 2022, and Liz became confrontational when officers approached him and pushed one of the officers before fleeing form the police. (*Id.* ¶ 10.) Based on that history and the information from CS, officers approached Liz and ordered him to the ground and put his hands behind his back. (*Id.* ¶ 11.) Liz refused to comply and attempted to run towards the driver's side of his vehicle, but officers blocked his path and ordered him to back away from his vehicle. (*Id.* ¶ 12.) Liz refused to comply with at least 15-20 orders form the officers, lifted his shirt to reveal to the officers that he had no weapon on his person, and tried to run back to his vehicle a second time, forcing the officers to deploy a Taser and arrest him. (*Id.* ¶ 13.) The officers looked into the window of Liz's vehicle and saw a black rifle with the barrel pointing towards the floorboard of the driver's side. (*Id.* ¶ 14.) Liz's vehicle was towed and inventoried to secure its content. (*Id.* ¶ 15.) When the tow company employee opened the driver's door, the

rifle on the floorboard of the driver's side was visible. (*Id.*) The inventory revealed a loaded machine gun with a 50-drum magazine filled with .223 caliber ammunition, one chambered round, a Glock 26 9x19 (SN: BFTH675), an extended 9-millimeter extended Glock magazine loaded with 24 cartridges, and another 9-milllimeter magazine loaded with 14 cartridges, $27,745 in cash and checks. (*Id.* ¶ 16.) The Glock 26 9x9 and the machine gun were tested as functional, and the machine gun could fire more than twelve rounds without reloading. (*Id.* ¶ 17.) The officers performed a criminal background check on Liz, finding that, in June 2015, he was convicted of third-degree assault and sentenced to three years imprisonment. (*Id.* ¶ 18.)

On December 21, 2022, Liz was arrested, and the Government made a Motion for Detention under 18 U.S.C. § 3142(f)(1)(E). (ECF No. 8.) Liz appeared before the Magistrate Judge on December 22, 2022. The Magistrate Judge granted the Government's Motion for Detention. (ECF Nos. 10, 14.) On January 20, 2023, the Government filed an Information, charging Liz with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Felon in Possession of a Firearm"), 18 U.S.C. §§ 922(o) and 924(a)(2) ("Illegal Possession of a Machinegun"), 14 V.I.C. § 2253(a) ("Unlawful Possession of a Firearm by Felon"), 14 V.I.C. §§ 2253(b) and (d)(2) ("Unlawful Possession of a Machinegun"), and 14 V.I.C. § 2256(a)("Unlawful Possession of Ammunition"). (ECF No. 16.) Liz was arraigned on February 8, 2023. On February 27, 2023, Liz made a Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f)(2)(B) and for Release on Conditions (ECF No. 22), which the Government opposed (ECF No. 25). On March 15, 2023, the Magistrate Judge denied Liz's motion. (ECF No. 27.) On April 19, 2023, Liz was charged by an Indictment with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Felon in Possession of a Firearm"), 18 U.S.C. §§ 922(o) and 924(a)(2) ("Illegal Possession of a Machinegun"), 14 V.I.C. § 2253(a) ("Unlawful Possession of a Firearm"), and 14 V.I.C. §§ 2253(b) and (d)(2) ("Unlawful Possession of a Machinegun by a Felon"). Liz was arraigned on May 3, 2023. He filed the instant motion on September 25, 2023.

## II. LEGAL STANDARD

The Bail Reform Act provides that**,** "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a

motion for revocation or amendment of the order." 18 U.S.C. § 3145 (b). "Where a defendant seeks revocation of a magistrate judge's detention order, the district court applies a *de novo* standard of review*." United States v. McKnight*, No. 2:20-CR-266-5, 2021 WL 615211, at *3 (W.D. Pa. Feb. 17, 2021); *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985) (finding that the Bail Reform Act "contemplates *de novo* determination in the district court" and "Congress intended the prior practice of de novo review to continue").

"Upon a motion by the Government, in a case that involves . . . any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code," a judicial officer must hold a hearing "to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (f)(1)(E). In making this determination, the court must consider the following factors: (i) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device"; (ii) "the weight of the evidence against the person"; (iii) "the history and characteristics of the person"; and (iv) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142 (g). "[T]he government's burden in demonstrating risk of flight is the preponderance of the evidence standard." *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142 (f).

### III. DISCUSSION

The Government concedes that there is no flight risk but argues that Liz is a danger to the community based on: (i) Liz's prior third-degree assault conviction in a case in which

he was initially charged with attempted murder; and (ii) the gravity of the weapon possessed, namely, a machine gun on the floor of the driver's side of his vehicle and a handgun found in the glove compartment. Liz argues that a felon in possession of a firearm charge, standing alone, does not authorize a pretrial detention hearing under section 3142(f)(1)(E) because "the simple possession of a firearm does not affect or aggravate the charged felony." (ECF No. 49 at 6.)

For the purpose of the instant motion, the Court will incorporate the record that was before the Magistrate Judge at the time the Magistrate Judge issued the Order of Detention on December 22, 2022 (ECF No. 14).

To the extent that Liz appeals the Magistrate Judges' March 15, 2023 Order (ECF No. 27), denying his motion to reopen detention hearing, the Court finds that the appeal is untimely, as the time to appeal any decision of a magistrate judge is 14 days and Liz did not seek or obtain an extension of that time. *See* LRCr. 1.2, Fed. R. Civ. P. 72(a). Even if the appeal is timely, the Court incorporates the findings and reasoning of the Magistrate Judge in the March 15, 2023 Order, and finds that the Order was well reasoned as to denial of the motion to reopen. The Court adopts the March 15, 2023 Order as the Order of the Court.

### A. Whether a Detention Hearing is Authorized under 18 U.S.C. § 3142(f)(1)(E)

Liz is charged with a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful to possess a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," and a violation of 18 U.S.C. § 922(o), which makes it "unlawful for any person to . . . possess a machinegun." Each federal offense with which Liz is charged is a felony because it is "an offense punishable by a maximum term of imprisonment of more than one year." 18 U.S.C. § 3156 (a)(3); *see* 18 U.S.C. § 924(a)(8) ("Whoever knowingly violates subsection . . . (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both."); 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."). For the purposes the factors required to be considered under 18 U.S.C. § 3142(g), "the crime of felon in possession is not a crime of violence." *United States v. Bowers*, 432 F.3d 518, 519 (3d Cir. 2005). The term "firearm" is

*United States v. Liz*
Case No. 3:23-cr-0006
Memorandum Opinion
Page **6** of **11**

defined as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3). "The term 'machinegun' has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b))," 18 U.S.C. § 921(a)(24), namely, "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). Machineguns are "exceedingly dangerous weapons." *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136, 142 (3d Cir. 2016). Liz's offenses involve possession of a loaded machine gun with a 50-drum magazine filled with .223 caliber ammunition, one chambered round, a Glock 26 9x19 (SN: BFTH675), an extended 9-millimeter extended Glock magazine loaded with 24 cartridges, and another 9-milllimeter magazine loaded with 14 cartridges, and $27,745 in cash and checks. (Doehring Aff. ¶ 16.) The Court finds that, under the plain language of 18 U.S.C. § 3142(f)(1)(E), each charged federal offense is a felony that is not otherwise a crime of violence, and each involves the possession of a firearm or a dangerous weapon. Thus, each charged offense is subject to a detention hearing under section 3142(f)(1)(E)(1).

Liz's assertion that section 3142(f)(1)(E)(1) does not authorize pretrial detention in this case because "there is no aggravating circumstance, no aggravating offense, and no extremely serious offense as *Salerno* described" is rejected as meritless. Liz appears to rely on the Supreme Cour's statement that the Bail Reform "Act operates only on individuals who have been arrested for a specific category of extremely serious offenses." *United States v. Salerno*, 481 U.S. 739, 750 (1987). This reliance is misplaced because the Supreme Court in *Salerno* rejected a facial challenge to the constitutionality of the Bail Reform Act under the Due Process Clause of the Fifth Amendment and the Eight Amendment, *id.* at 755, and the issue of whether any specific offense was subject to any provision of the Bail Reform Act was not before it.

Liz also relies on a Second Circuit case for the proposition that "aggravating circumstances" or "aggravated offense" is required for detention under § 3142(f)(1)(E)(1). In that case the Second Circuit affirmed denial of bail because, "pursuant to a conduct-specific inquiry, we conclude that Watkins's offense also involved the possession or use of a firearm under § 3142(f)(1)(E) because Watkins discharged the ammunition from a firearm." *United States v. Watkins*, 940 F.3d 152, 155 (2d Cir. 2019). However, *Watkins* neither used the words "aggravating circumstances" or "aggravated offense" to describe the circumstances of his underlying offense of possession of ammunition as a convicted felon, nor found that discharging the firearm is *sine qua non* factor that makes the charged offense of felon in possession of a firearm subject to detention under section 3142(f)(1)(E)(1).

The district courts in the Third Circuit considering the issue found that section 3142(f)(1)(E) applies in cases involving the prohibited possession of firearms, *United States v. Cannegieter*, No. 1:23-CR-00013-WAL-EAH, 2023 WL 4846787, at *6 (D.V.I. July 28, 2023) (finding that "because Cannegieter's alleged crime involved possession of a firearm, it meets one of the seven circumstances elucidated in § 3142(f), making it eligible for a hearing and consideration of pretrial detention"), and Liz's firearm offenses are serious. *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) (finding that "firearms offenses are serious crimes"); *United States v. Green*, No. 3:18-CR-21, 2019 WL 3252417, at *2 (M.D. Pa. July 19, 2019) (explaining that "[f]irearms offenses are serious crimes"); *United States v. Alexander,* No. CRIM. 2007-31, 2007 WL 3391417, at *2 (D.V.I. Oct. 26, 2007) (finding that "[f]irearms-related offenses are 'serious offenses' for pretrial detention purposes"); *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012) (stating that "machine guns are highly 'dangerous and unusual weapons'"); *United States v. Carey*, 578 F. Supp. 2d 190, 192 (D. Me. 2008) (finding that "Glocks are small, easily concealed, and serious" and "[t]he type of firearms is a factor against release"). To the extent that an "aggravating factor" is warranted, the Court finds that the fact that Liz's possession of a machinegun, which an ordinary citizen cannot legally possess unless grandfathered prior to the enactment of section 922(o), *United States v. Berger*, No. 5:22-CR-00033, 2024 WL 449247, at *10 (E.D. Pa. Feb. 6, 2024) (possession of machineguns "is lawful pursuant to the 'grandfather clause' in 18 U.S.C. § 922(o)(2)(B),

which permits 'possession of a machinegun that was lawfully possessed before [1986]'"), is the "aggravating factor" present here. Accordingly, the Court finds that detention hearing under 18 U.S.C. § 3142(f)(1)(E) is authorized in this case.

### B. Risk of Flight

Liz is a resident of the Virgin Islands. He has a successful towing, car rental and heavy equipment businesses and his young children whom he supports financially and cares for live in St. Thomas with their mother. Liz was on release from the Superior Court of the Virgin Islands where the case was initiated after having posted a bail, and he turned himself in when he learned that there was a federal warrant for his arrest. Moreover, the Government concedes that Liz does not represent a flight risk. The Court finds that Liz does not pose a risk of flight warranting detention.

### C. Danger to the Community

#### i. Nature and Circumstances of the Offenses

The Court considers the nature and circumstances of the crimes charged, including Doehring's affidavit and the evidence presented at the hearing, mindful that for the purposes of § 3142 (g), "the crime of felon in possession is not a crime of violence." *Bowers*, 432 F.3d at 519. As the Court found above, Liz is charged with serious offenses and, if convicted, is facing up to fifteen years imprisonment for a violation of § 922(g)(1) and up to ten years imprisonment for a violation of § 922(o). 18 U.S.C. §§ 924(a)(8) and 922(a)(2). The imprisonment Liz faces and the fact that the offenses involve the possession of fully loaded functional machine gun with a 50-drum magazine and a Glock with an extended magazine loaded with 24 cartridges, demonstrate the seriousness of the charged offenses. The Court finds that the nature and circumstances of the offenses charged factor weighs in favor of pretrial detention. *See United States v. Wrensford*, No. 2012-0012, 2012 WL 6028628, at *4 (D.V.I. Dec. 4, 2012) ("firearms offenses are factors against release") (citing *United States v. Carey,* 578 F.Supp.2d 190, 191–92 (D.Me.2008)).

#### ii. Weight of the Evidence

As to the weight of the evidence against Liz and for the purposes of the instant motion only, the Court considers that a functional loaded machine gun was found under the driver's

seat in plain view and a functional loaded Glock with extended magazine was found in the glove compartment inside Liz's vehicle, registered in his name and in which he was present prior to his arrest. (Doehring Aff. ¶¶ 14-16.) The operable and loaded machinegun and Glock were located inside the vehicle to which Liz had ready access and which he recently drove. The Court finds that the weight of the evidence against Liz is very strong, and this factor weighs in favor of pretrial detention. *See United States v. Nettles*, No. 3:23-CR-38-MCR, 2023 WL 4533672, at *3 (N.D. Fla. July 13, 2023) (finding that the weight of the evidence against defendant was strong, including that "the gun was found on the driver's side floorboard" and "Defendant has a prior history of being in possession of a firearm"); *United States v. Rhodes*, No. CRIM. 13-252, 2013 WL 6511858, at *8 (W.D. Pa. Dec. 12, 2013) (finding that the weight of the evidence against defendant was strong, including that "a loaded magazine for a firearm was found inside the Acura in defendant's possession at the time of her arrest").

### iii. History and Characteristics of the Defendant

Concerning Liz's history and characteristics, the Court finds that the evidence demonstrates that he is a violent individual. Liz has a prior conviction for third-degree assault involving shooting another person. Doehring's affidavit also indicates that, during a previous encounter with the police in March 2022, Liz pushed one of the police officers and fled. (Doehring Aff. ¶ 10.) In reviewing Defendant's Exhibit A, the Court notes that Liz appeared very aggressive towards law enforcement officers and he was not heeding to their commands. Liz has a history of using weapons illegally. The Court finds that Liz's history and characteristics factor weights in favor of pretrial detention.

### iv. Nature and Seriousness of the Danger Posed

In assessing the nature and seriousness of the danger to the community that would be posed by Liz's release, the Court considers that Liz is charged with serious firearms offenses, including the offense involving possession of a loaded and functional machinegun, which is the type of weapon capable of rapidly inflicting great harm to others. The evidence before the Court demonstrates that Liz has shown disregard for law enforcement and failed to comply with their numerous directives. Although Liz's prior third-degree assault

conviction occurred years ago,[1] it involved shooting another person, which, combined with the instant charges and the type of weapons found in Liz's vehicle, raises with the Court grave concern for the safety of others in the community. The clear and convincing evidence demonstrates that Liz will not comply with any combination of conditions of release imposed by the Court and supports the finding that Liz's release poses a serious and substantial danger to the community. Thus, this factor weighs in favor of pretrial detention. *See United States v. Rizzo*, No. 2:20-CR-0377, 2021 WL 409838, at *5 (W.D. Pa. Feb. 5, 2021) (finding, where multiple handguns and ammunition were seized at defendant's residence, "that the nature and seriousness of the danger to any person or the community that would be posed by the person's release weighs heavily in favor or pretrial detention"); *Nettles*, 2023 WL 4533672, at *5 ("Court believes Defendant poses a serious danger of harm to the community if released.").

To the extent that Liz proposed Lima as his third-party custodian, the Court finds that Lima is an unsuitable third-party custodian because he is a potential witness in this case and the proposal that Liz lives in the house on Lima's property, which is a ten-minute walk from where Lima will be residing is inappropriate. If there is to be any meaningful supervision, the third-party custodian and Liz should reside in the same residence. Based on Lima's testimony about his busy work schedule, it does not appear that he would be present during significant hours each day to properly supervise Liz, and he would rely on his daughter, who is the mother of Liz's children, and Liz, to inform him on Liz's whereabouts, which the Court finds inappropriate. Moreover, Lima and Liz have a business relationship, as Liz leases a property from Lima for his business and also leases the house from Lima where Liz, Liz's children and their mother live, all of which creates an inappropriate situation. Lima's offer that Liz resides in the part of Lima's house below the level in which Lima resides is also inappropriate because that part is entirely separated and independent from Lima's residence, and Lima testified that Liz cannot reside with him in his residence since he possesses licensed firearms.

---

[1] At the December 22, 2022 hearing before the Magistrate Judge, Liz's attorney represented that Liz plead guilty to third-degree assault in 2013, (ECF No. 50-1 at 12), which contradicts Doehring's sworn affidavit that Liz was convicted for third-degree assault in 2015 (Doehring Aff. ¶ 18).

## IV. CONCLUSION

Upon careful consideration of the factors pursuant to section 3142 (g), the Court finds that the Government established by clear and convincing evidence that no conditions of release will reasonably assure the safety of community, and the revocation of the December 22, 2022 Order of Detention Pending Trial is not warranted. An appropriate Order follows.

**Dated:** June 10, 2024               */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**